IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEAETTA M. SUMNER,

Petitioner,

v.

HEIDI STEWARD,

Respondent.

Case No. 3:14-cv-00627-HZ

OPINION AND ORDER

Robert W. Rainwater,
Rainwater Law Group
1327 SE Tacoma Street, Suite 239
Portland, Oregon 97202-6639

Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

Attorneys for Respondent

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of her state-court robbery convictions. Because petitioner failed to timely file this case, the Petition for Writ of Habeas Corpus (#2) is denied.

**BACKGROUND**

Petitioner is incarcerated within the Oregon Department of Corrections ("ODOC") following her May 4, 2004 convictions on four counts of Robbery in the Second Degree for which she was ultimately sentenced to an aggregate prison term totaling 175 months. Respondent's Exhibit 101; Trial Transcript, pp. 526-27. Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court's decision without opinion, and the Oregon Supreme Court denied review. *State v. Sumner*, 208 Or. App. 757, 145 P.3d 1145 (2006), *rev. denied*, 342 Or. 417, 154 P.3d 723 (2007).

Prior to the finality of her direct appellate proceedings, petitioner filed her first action seeking state post-conviction relief ("PCR") in Washington County. The PCR trial court appointed Vicki R. Vernon to represent her, and ultimately denied relief on all of petitioner's claims. Respondent's Exhibits 122-124. The Oregon Court of Appeals summarily affirmed the PCR trial court's decision, and the Oregon Supreme Court again denied review. Respondent's Exhibits 125-132. The Appellate Judgment issued on April 1, 2010 and the Anti-terrorism and Effective Death Penalty

Act's ("AEDPA's") one-year statute of limitations began to run. It is undisputed that petitioner was required to file this federal habeas corpus action by April 1, 2011.

On November 19, 2010, 233 days after the conclusion of her first PCR action, petitioner filed a second PCR case in Washington County. At that point, she had only 132 days in which to file a timely federal habeas corpus action. Importantly, if the second PCR action was not "properly filed," it would not serve to toll the AEDPA's statute of limitations. 28 U.S.C. § 2244(d)(2).

On December 10, 2010, the PCR trial court appointed Vicki Vernon to represent petitioner in the successive PCR case. On January 6, 2011, petitioner sent Vernon a letter asking if a conflict existed on the basis that Vernon had represented her in the first PCR action. Petitioner's Exhibit A, p. 3. On January 20, 2011, Vernon contacted petitioner to discuss the case with her. *Id* at 4. Vernon followed up this phone call with a letter dated February 10, 2011 wherein she indicated the they had "discussed in some detail that you have filed a successive petition for post conviction relief and that you face dismissal based on the statute of limitations problem." *Id.* In a responsive letter dated February 26, 2011, petitioner disagreed with Vernon's assessment of the timeliness issue and felt they could successfully argue against any motion to dismiss. *Id* at 6. On the day petitioner authored

that letter, she had only 34 days in which to file a timely federal habeas corpus petition.

On April 1, 2011, the AEDPA's statute of limitations expired. Also on that date, the State filed a motion to dismiss the second PCR action as both untimely and improperly successive. On May 3, 2011, petitioner, having heard nothing from Vernon since the February 10 letter, moved to disqualify her and proceed *pro se*. Petitioner had a variety of complaints with Vernon, including the validity of Vernon's position that the second PCR action would not be considered timely. Petitioner's Exhibit A, pp. 13-14. On June 28, 2011, the PCR trial court granted the motion to disqualify counsel and on September 12, 2011, appointed John Manning to represent petitioner.

On December 19, 2011, the PCR trial court held a hearing on the State's motion to dismiss and determined that petitioner had not made a sufficient showing to allow her to overcome the procedural bar against untimely successive PCR petitions. Respondent's Exhibit 143. This ruling was not only fatal to the PCR Petition, but also showed that the action had not been properly filed so as to toll the AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (a PCR action dismissed as untimely is not a properly filed action). The Oregon Court of Appeals affirmed the PCR trial court's decision without issuing a written opinion, and the Oregon Supreme Court denied review.

*Sumner v. Howton*, 259 Or. App. 791, 318 P.3d 756 (2013), *rev. denied*, 354 Or. 814, 325 P.3d 34 (2014).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on April 11, 2014, approximately three years after the AEDPA's statute of limitations expired. She argues that although she did not file this case within the statutory deadline, the court should equitably toll the statute of limitations for a variety of reasons and consider the Petition on its merits. Respondent disagrees, and asks the court to dismiss the action as untimely.

**DISCUSSION**

Petitioner concedes that she did not file this case within the AEDPA's one-year statute of limitations, but contends that she is entitled to equitable tolling because: (1) her appellate attorney from the first PCR action, Hari Nam S. Khalsa, did not advise her regarding the AEDPA's statute of limitations; (2) Vicki Vernon abandoned her during the second PCR trial by not filing an amended petition or giving petitioner advice on dismissing the second PCR action and filing for federal habeas corpus relief; (3) John Manning did not give her proper advice pertaining to the viability of the second PCR action and its effect on petitioner's ability to file a timely federal habeas action; and (4) ODOC advised her to file a second PCR action to preserve her issues, and she detrimentally relied on that information. Petitioner asks the court to equitably toll the AEDPA's one-year statute of limitations

from Vernon's appointment to represent her in the second PCR action on December 10, 2010 until the PCR appeal was ultimately denied on April 1, 2014.

Equitable tolling is available to toll the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that she has been pursuing her rights diligently and (2) that some extraordinary circumstance prevented her from timely filing her petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Typically, errors by counsel do not justify equitable tolling. However, egregious examples of attorney abandonment may provide sufficient grounds for equitable tolling. *Maples v. Thomas*, 132 S.Ct. 912, 924 (2012) (agency principles preclude attributing the omissions of an attorney to a client where the attorney has abandoned her). Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to her. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**I. <u>Hari Nam S. Khalsa</u>**

Petitioner first argues that her appellate attorney from the first PCR action failed to inform her of the time limits for the filing of a federal habeas corpus petition. Petitioner provides no authority for the proposition that a state PCR attorney is obligated to advise a client regarding the AEDPA's statute of

limitations. In any event, any failure by counsel to properly calculate the federal limitation period for petitioner would not support equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Moreover, where petitioner asks the court for tolling to begin months after Khalsa's representation ended, any purported error by Khalsa is not germane to the equitable tolling issue petitioner presents.

**II. <u>Vicki Vernon</u>**

At the heart of petitioner's equitable tolling argument is her contention that Vicki Vernon abandoned her during the second PCR trial, thereby justifying equitable tolling from the date of Vernon's appointment in that action. The record in this case reveals that the PCR trial court appointed Vernon to represent petitioner in the second PCR action on December 10, 2010. On January 20, 2011, petitioner and Vernon had a conversation over the telephone during which Vernon advised petitioner that her case was successive and untimely. Petitioner's Exhibit A, p. 4. On February 10, 2011, Vernon followed up with a letter to petitioner wherein she again indicated that the case was successive and untimely, and that she expected the PCR trial court to dismiss the case. *Id.* Petitioner did not agree with Vernon's professional opinion, and stated as much in a letter to Vernon dated February

26, 2011. Approximately one month later, the AEDPA's statute of limitations expired on April 1, 2011.

While Vernon may have become unresponsive after this time, the record up to this point does not show attorney abandonment or any other egregious conduct on the part of counsel causing the breach of the limitation period. Indeed, had petitioner accepted Vernon's accurate view of the viability of the case, she could have dismissed her second PCR action and filed a timely federal habeas corpus petition. When she instead insisted on proceeding with the successive PCR action, she breached the AEDPA's statute of limitations. Such a record does not support equitable tolling.

**III. <u>John Manning</u>**

Petitioner next contends that equitable tolling is appropriate because John Manning, the attorney who ultimately replaced Vernon during the second PCR trial, should have advised petitioner that the action was frivolous. Where Vernon's actions do not justify equitable tolling, this argument is unavailing. Specifically, by the time Manning began representing petitioner in September of 2011, she had already lost the ability to timely file this federal habeas corpus case. In this regard, Manning's actions did not impede petitioner's ability to timely file this case.

**IV. <u>Oregon Department of Corrections Information</u>**

Petitioner also argues that ODOC provided her with misleading information, making her believe that she could not file a federal

habeas corpus action until after the completion of her second PCR action. In support of this contention, petitioner offers Petitioner's Supplemental Exhibit B for the court's consideration. This Exhibit did not advise petitioner to pursue a successive and untimely PCR action in lieu of a federal habeas corpus proceeding, nor did the information in her Exhibit advise her to disregard the advice of her appointed attorney on the propriety of filing an untimely successive PCR action. In short, nothing in this document provided petitioner with misinformation preventing her from timely pursuing this action.

For all of these reasons, equitable tolling is not appropriate, and the court dismisses the Petition for Writ of Habeas Corpus because it is untimely.

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is dismissed. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 6 day of April, 2015.

Marco Hernandez

Marco A. Hernandez
United States District Judge